# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FARWEST PUMP COMPANY,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 4:17-bk-11112-BMW<br><br>**RULING AND ORDER REGARDING COMMITTEE'S EMERGENCY MOTION TO TOLL DEADLINE TO FILE COMPLAINT FOR FRAUDULENT TRANSFERS AND/OR PREFERENCE PAYMENTS** |

This matter came before the Court pursuant to the *Committee's Ex Parte Emergency Motion to Toll Deadline to File Complaint for Fraudulent Transfers and/or Preference Payments and to Set Hearing* (the "Motion to Toll") (Dkt. 600) filed by the Official Committee of Unsecured Creditors (the "Committee") on September 20, 2019; the *Objection to Committee's Ex Parte Emergency Motion to Toll Deadline to File Complaint for Fraudulent Transfers and/or Preference Payments* (the "Objection") (Dkt. 620) filed by Vaught Equipment, LLC ("Vaught Equipment") and Reliant Well Drilling and Pump Corporation, Inc. ("Reliant") on October 23, 2019; and all pleadings related thereto.

On September 20, 2019, the Court issued an *Order Granting Ex Parte Emergency Motion to Toll Deadline to File Complaint for Fraudulent Transfers and/or Preference Payments and to Set Hearing to Determine New Deadline* (the "Interim Order") (Dkt. 602), which tolled the Committee's deadline to commence actions for recovery of fraudulent transfers and/or preference payments pending the outcome of a hearing to determine if and until when the applicable statute

of limitations should be tolled.

On October 24, 2019, the Court held a hearing on the Motion to Toll, at which time the parties presented oral argument. At the conclusion of the hearing, the Court took this matter under advisement and ordered that its Interim Order would remain in effect pending a final ruling.

Based upon the pleadings, arguments of counsel, and entire record in this case, the Court now issues its decision.

**I.** **Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

**II.** **Factual and Procedural Background**

The Debtor, Vaught Equipment, and Reliant are related entities. The Debtor is owned and operated by Clark Vaught ("Mr. Vaught") and Channa Crews-Vaught ("Ms. Crews-Vaught," and collectively with Mr. Vaught, the "Vaughts"); Vaught Equipment is owned by Mr. Vaught, Ms. Crews-Vaught, and Ms. Crews-Vaught's daughter's trust; and Reliant is owned by Mr. Vaught.

On September 20, 2017, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and on November 14, 2017, the Official Committee of Unsecured Creditors (the "Committee") was appointed. (Dkt. 49).

On January 18, 2018, the Debtor filed its first disclosure statement, in which it disclosed the existence of approximately forty-six (46) potentially avoidable transfers. (Dkt. 117 at 11-12).

In February 2018, the Committee began filing applications for Rule 2004 examinations, all of which the Court granted. (*See* Dkt. 126; Dkt. 128; Dkt. 141; Dkt. 143; Dkt. 149; Dkt. 150; Dkt. 296; Dkt. 306; Dkt. 308; Dkt. 312). The Rule 2004 orders required persons and entities including the Debtor, Vaught Equipment, Reliant, and the Vaughts to submit to examinations under oath and to produce documents. (*See* Dkt. 128; Dkt. 149; Dkt. 150; Dkt. 308; Dkt. 312).

On March 21, 2018, the Debtor filed a first amended disclosure statement in which it disclosed the existence of three (3) potentially preferential transfers to Vaught Equipment. (Dkt. 164 at 12-13).

On May 2, 2018, Vaught Equipment and Reliant filed a *Motion for Protective Order or, Alternatively, to Quash Subpoenas Duces Tecum* (the "Motion for Protective Order") (Dkt. 195)

in response to subpoenas issued by the Committee acting pursuant to Court's Rule 2004 orders. In the Motion for Protective Order, Vaught Equipment and Reliant asked for an extension of time to comply with the subpoenas and for a protective order. The Committee objected to the Motion for Protective Order, and the parties ultimately reached an interim agreement. (*See* Dkt. 204; Dkt. 215).

Thereafter, the Debtor and Committee pursued competing plans. (*See* Dkt. 175; Dkt. 223).

The Debtor's plan provides for the Debtor's retention, but not pursuit, of fraudulent transfer and/or preference claims. (*See* Dkt. 223).

The Committee's plan provides for the evaluation and pursuit of avoidable transfers and/or preferences, and explicitly provides: "Due to the Vaughts' substantial control over the Debtor and . . . affiliates . . . the date for the Liquidating Trustee to bring any cause of action or exercise any remedy pursuant to §§ 544, 545, 546, 547, 548, 549, 550, and/or 551 shall be equitably tolled and shall run from the Effective Date." (Dkt. 175 at X). No parties objected to this language in the Committee's plan.

On September 4, 2018, the Committee filed the *Committee's Motion for Standing* (the "Motion for Standing") (Dkt. 291), in which the Committee asked the Court to grant it standing to pursue fraudulent transfer and/or preference claims. The Committee promptly requested an expedited hearing on the Motion for Standing. (Dkt. 292).

The Debtor objected to the Motion for Standing, and on September 19, 2018, the Court held an initial hearing on the Motion for Standing. (Dkt. 316; Dkt. 328). That hearing was continued no fewer than eight (8) times over the span of eight (8) months at the parties' request that the matter track confirmation. (*See* Dkt. 342; Dkt.369; Dkt. 389; Dkt. 409; Dkt.432; Dkt. 496; Dkt. 509; Dkt. 513).

In May 2019, the Court held an evidentiary hearing on the competing plans and took confirmation under advisement. During the evidentiary hearing on the competing plans, it was revealed that the Vaughts had not complied with the Court's Rule 2004 orders, and that the Debtor's financial advisor had not analyzed the Debtor's fraudulent transfer claims. (*See* 5/8/2019 Trial Tr. 53:1-56:12, 144:7-13, 145:13-21).

Confirmation remained under advisement as of September 20, 2019, which was the deadline for parties to file adversary actions to recover preference payments and/or fraudulent transfers. On this deadline, the Committee filed and served the Motion to Toll, and the Court entered the Interim Order.

On October 17, 2019, the Court issued its *Memorandum Decision Regarding Plan Confirmation* (the "Memorandum Decision") (Dkt. 614) and the *Order Confirming Committee's Plan* (the "Confirmation Order") (Dkt. 615), in which the Court confirmed the Committee's plan over the Debtor's objection.[1]

As reflected in the Memorandum Decision and record in this case, the Vaughts have set up a business structure of related entities wherein Reliant has taken over the Debtor's well drilling and pump operations, and all of the Debtor's vehicles and income-producing equipment have been leased or otherwise transferred to Vaught Equipment. (*See* Dkt. 71; Dkt. 614 at 18). This structure has allowed the Vaughts to retain complete control over the flow of income to the Debtor and appears to be an attempt to insulate Reliant from collection efforts by the Debtor and/or its creditors. (Dkt. 614 at 18).

On October 23, 2019, thirty-three (33) days after the Motion to Toll was filed and served on counsel for Reliant and Vaught Equipment, Reliant and Vaught Equipment filed the Objection on the basis that the Committee has had ample opportunity to investigate, prepare, and file preference and/or fraudulent transfer complaints, and as such, has failed to show adequate cause for tolling the deadline.

On October 24, 2019, the Court held a hearing on the Motion, at which time the parties argued in support of their positions, and the Court took the matter under advisement.

On October 25, 2019, the Debtor filed a *Notice of Appeal and Statement of Election* (Dkt. 630), giving notice of its appeal of the Confirmation Order to the Bankruptcy Appellate Panel of the Ninth Circuit. The Debtor's appeal remains pending.

---

[1] The Court will note that although it did not find the Debtor's failure to provide for the pursuit of fraudulent transfers in its plan to be violative of § 1129(a)(3), this finding was based on a lack of controverting evidence. (Dkt. 614 at 16). The Court has made no determination as to the merits or colorability of any fraudulent transfer claims.

On November 26, 2019, the Committee filed the *Committee's Renewed Motion for Standing* (Dkt. 665), in which, as amended,[2] the Committee seeks standing to pursue fraudulent transfers and/or preference payments from Vaught Equipment, Reliant, and other affiliates given that, as drafted, the Committee's plan cannot go effective while the Debtor's appeal remains pending. (*See* Dkt. 175 at § 2.6; Dkt. 668).

During the pendency of this case, the Debtor has not pursued any fraudulent transfer or preference actions.

### III. Legal Analysis and Conclusions of Law

The Court questions whether Vaught Equipment and/or Reliant have standing to bring the Objection, which objection was also untimely filed. *See* Local R. Bankr. P. 9013-1(b). The Court will assume for purposes of this analysis that there are credible threats of harm adequate to establish injuries in fact sufficient to confer Article III standing on Vaught Equipment and Reliant.

"The doctrine of equitable tolling 'is read into every federal statute of limitation.'" *In re Milby*, 875 F.3d 1229, 1232 (9th Cir. 2017). (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 585, 90 L. Ed. 743 (1946)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227, 132 S. Ct. 1414, 1419–20, 182 L. Ed. 2d 446 (2012) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L. Ed. 2d 669 (2005)) (emphasis omitted).

In this case it is clear that the Committee has diligently pursued its rights by, among other things, filing the Motion for Standing, requesting an expedited hearing on the Motion for Standing, keeping the Motion for Standing on calendar to track confirmation, renewing the Motion for Standing, including reservation of rights language in its plan, and applying for Rule 2004 examinations with respect to Reliant, Vaught Equipment, and the Vaughts. In light of the contested confirmation proceedings, which had the potential to and did result in confirmation of

---

[2] (Dkt. 668).

the Committee's plan, it was reasonable for the Committee to ask that its Motion for Standing track confirmation given that the Committee's plan proposes to confer upon a liquidating trustee the ability to file fraudulent transfer and/or preference actions.

It is also clear that the Committee is faced with extraordinary circumstances in this case, which circumstances were caused and have been perpetuated by the Vaughts, one and/or both of whom own and manage the Debtor, Vaught Equipment, and Reliant. The Vaughts have refused to disclose financial documents about their entities, and as the Court has already found, the Vaughts have, at best, displayed incompetence in operating and managing the Debtor, and at worst, have put their personal interests and the interests of their related entities ahead of the Debtor's fiduciary duties to the estate and its creditors. (Dkt. 614 at 19). Further, the Committee's threshold request for standing to pursue fraudulent transfer and/or preference claims remains pending before this Court.

## IV. Conclusion

Given that the Committee has shown that it has diligently pursued its rights and that extraordinary circumstances have stood in its way, and upon consideration of the totality of the circumstances, it is the determination of this Court that the statute of limitations with respect to fraudulent transfer and/or preference actions has been equitably tolled.

Wherefore, for good cause appearing:

**IT IS ORDERED** that the Motion to Toll is granted.

**IT IS FURTHER ORDERED** that the Objection is overruled.

**IT IS FURTHER ORDERED** that the statute of limitations for the Committee or Liquidating Trustee to commence action[s] alleging fraudulent transfers and/or preference payments is tolled and shall run from entry of an order, which becomes final, pursuant to which the Committee is granted standing to pursue actions for fraudulent transfers and/or preference payments pursuant to 11 U.S.C. §§ 544, 545, 546, 547, 548, 549, 550, and/or 551.

**DATED AND SIGNED ABOVE.**