THIS ORDER IS APPROVED.

Dated: February 26, 2020

Brenda Moody Whinery, Chief Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>FARWEST PUMP COMPANY,<br><br>Debtor. | Chapter 11<br><br>Case No. 4:17-bk-11112-BMW<br><br>**RULING AND ORDER REGARDING THIRD FEE APPLICATION FOR TALWAR LAW, PLLC FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL** |

This matter came before the Court pursuant to the *Third Fee Application for Talwar Law, PLLC for Allowance of Compensation and Reimbursement of Expenses as Special Counsel* (the "Fee Application") (Dkt. 623) filed by Talwar Law, PLLC ("Talwar") on October 23, 2019; the *Committee's Objection to Third Fee Application for Talwar Law, PLLC* (the "Committee's Objection") (Dkt. 651) filed by the Official Committee of Unsecured Creditors (the "Committee") on November 13, 2019; the *Dunlap Joinder in Committee's Fee Objections* (the "Joinder") (Dkt. 656) filed by Creditors Doug and Christina Dunlap and High Desert Irrigation (collectively, the "Dunlaps") on November 19, 2019; and the *Supplement to Third Fee Application for Talwar Law, PLLC for Allowance of Compensation and Reimbursement of Expenses as Special Counsel and Response to Objections* (the "First Supplement & Response") (Dkt. 661) filed by Talwar on November 21, 2019.

On December 12, 2019, the Court held a hearing on the Fee Application (the "Decem

12 Hearing"), at which time the Court invited Talwar to supplement the Fee Application to comply with the United States Trustee's guidelines for time entry billing and gave other parties the opportunity to respond thereto. (12/12/2019 Hearing Tr. 42:14-43:15). The parties agreed that after these supplemental pleadings were filed, they would submit this matter to the Court for a decision without further evidence. (12/12/2019 Hearing Tr. 43:16-20).

On January 6, 2020, Talwar filed a *Second Supplement to Third Fee Application for Talwar Law, PLLC for Allowance of Compensation and Reimbursement of Expenses as Special Counsel and Response to Objections* (the "Second Supplement") (Dkt. 688); on January 14, 2020, the Dunlaps filed the *Dunlap Objection to Talwar 2nd Amended 3rd Fee Application* (the "Dunlap Objection") (Dkt. 690); and on January 15, 2020, the Committee filed the *Committee's Joinder in Dunlap's Objections to Talwar's Second Amended Third Fee Application* (Dkt. 691), at which time the Court took this matter under advisement.

Based upon the pleadings, arguments of counsel, and the entire record before the Court, the Court now issues its ruling.

**I.     Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**II.    Facts and Procedural Background**

Pre-petition, on February 24, 2017, Farwest Pump Company (the "Debtor" and/or "Farwest") retained Talwar to represent it in certain state court litigation under a salary arrangement (the "Salary Arrangement").

On September 20, 2017 (the "Petition Date"), Farwest filed for relief under chapter 11 of the Bankruptcy Code. After filing its bankruptcy petition, the Debtor continued to use and pay Talwar under the Salary Arrangement.

On May 23, 2018, the Court ruled that the Debtor's retention of Talwar was not proper under § 327(b)[1] of the Bankruptcy Code, but the Court allowed Talwar to seek employment *nunc*

---

[1] Unless otherwise indicated, statutory references are to the Bankruptcy Code, title 11 of the United States Code.

*pro tunc* and file a fee application, if appropriate.

On June 19, 2018, the Debtor filed an *Application to Approve Continued Retention of Talwar Nunc Pro Tunc* (the "Employment Application") (Dkt. 225), in which it asked the Court to approve the continued retention of Talwar *nunc pro tunc* to do the following:

- Represent [the] Debtor in *Farwest Pump Company v. Joel Rodriguez et. al.,* pending before the Arizona Superior Court in and for Pima County under case number C20150425.

- Represent the Debtor in the adversary proceeding in *Farwest Pump Company v. Darlene Krueger* in Darlene Krueger's bankruptcy case under Adv. No. 4:17-ap-00659-SGH (*sic*).

- Represent the Debtor in *Farwest Pump Company v. Illinois National Insurance Co., et al.* – United States District Court for the District of Arizona Case No. C20174197.

- Represent [the Debtor] in monetizing Crime Insurance Claims with Secura arising from losses incurred as a result of the theft and embezzlement by Joel Rodriguez.

- Represent [the Debtor] with respect to collecting the restitution award owed to it by Joel Rodriguez, including foreclosing on the restitution lien securing the restitution repayment.

(collectively, the "Retained Tasks") (Dkt. 225 at 2).

Although Talwar had received a salary from the Debtor for the period of time between the Petition Date and March 31, 2018, in the Employment Application the Debtor proposed the following compensation structure going forward: "except for his work on *Farwest Pump Company v. Illinois National Insurance Co., et al.* – United States District Court for the District of Arizona Case No. C20174197, Talwar will be compensated, subject to Court approval under §§ 330 and 331, on an hourly basis at a rate of $240 per hour and reimbursed out of pocket cost." (Dkt. 225 at 3).

By order dated August 10, 2018, the Court approved the Employment Application. (Dkt. 278).

Thus far, the Court has approved fees to Talwar, on an interim basis, in the amount of

$154,385.00 (Dkts. 385 & 641).[2]

In the Fee Application, Talwar asks the Court to approve additional fees in the amount of $35,808.00 for 149.2 hours for services provided between July 26, 2018 and October 22, 2019, in connection with the Retained Tasks and in assisting the Debtor's bankruptcy counsel, plus costs in the amount of $434.09.

The Committee objected to the Fee Application on the basis that: (1) Talwar's hourly rate was not approved by the Court; (2) the fees sought are not reasonable; (3) Talwar has not complied with the U.S. Trustee's billing guidelines; and (4) some of the services that Talwar rendered were on behalf of the Debtor's principals. The Dunlaps joined in the Committee's Objection.

In the First Supplement & Response, Talwar maintains that its hourly rate was approved by the Court, its fees are reasonable, and the work for which it is seeking to be paid was work done on behalf of the Debtor.

At the December 12 Hearing, the Court noted that it had approved Talwar's continued retention and compensation subject to Court approval on an hourly basis at a rate of $240 per hour, found Talwar's hourly rate to be reasonable, and effectively overruled the Committee's objection that Talwar's hourly rate had not been approved by the Court. (12/12/2019 Hearing Tr. 38:13-39:1). However, the Court told Talwar that its billing entries did not comply with the U.S. Trustee's guidelines and instructed it to further supplement the Fee Application. (12/12/2019 Hearing Tr. 41:7-43:4).

On January 6, 2020, Talwar filed the Second Supplement, with detailed time entries attached. In the Second Supplement, Talwar asserts that in compiling the detailed time entries, it discovered that it had previously omitted certain time entries. Talwar is now asking the Court to approve fees for services rendered from June 4, 2018 through October 22, 2019, in the amount of $38,616.00, an overall increase of $2,808.00.

---

[2] The *Ruling and Order* (Dkt. 385) entered on November 15, 2018, allowed Talwar fees *nunc pro tunc*, in the amount of $29,385.00, for the period from the Petition Date through March 31, 2018. The *Order* (Dkt. 641) entered on November 5, 2019, allowed Talwar Law fees, as a contingent fee related to the INIC litigation, in the amount of $125,000.00.

In the Second Supplement, Talwar maintains that it appropriately reduced travel fees to one-way travel, is only seeking to be reimbursed for necessary work, and is entitled to the requested fees.

On January 14, 2020, the Dunlaps filed the Dunlap Objection, in which they ask the Court to deny or significantly discount Talwar's requested fees on the basis that the fees are unreasonable because, among other things: (1) Talwar is seeking to recover fees for providing services related to the bankruptcy, which services Talwar has not been approved to provide; (2) Talwar is seeking unreasonable fees for time spent pursuing its fee requests; (3) Talwar has failed to establish benefit to the estate; (4) Talwar is seeking duplicative compensation for services rendered by co-counsel; (5) Talwar also represents the Debtor's principals in their individual capacities; and (6) the Second Supplement contains inaccurate statements. The Committee joined in the Dunlap Objection.

### III. Legal Analysis

Pursuant to § 330(a):

> (1) After notice . . . the court may award to . . . a professional person employed under section 327 . . . —
>   (A) reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person; and
>   (B) reimbursement for actual, necessary expenses.
> (2) The court may, on its own motion or on the motion of . . . any other party in interest, award compensation that is less than the amount of compensation that is requested.

In determining the amount of reasonable compensation to award to a professional person, courts must "consider the nature, the extent, and the value of [the services rendered], taking into account all relevant factors." 11 U.S.C. § 330(a)(3). Courts generally consider: (1) whether the services for which the professional is seeking payment were authorized; (2) whether the services were necessary or beneficial to the administration of the estate at the time such services were rendered; (3) whether the services are adequately documented; and (4) whether the fees requested are reasonable taking into account the factors set forth in § 330(a)(3), which factors include:

(A) the time spent on [the] services;
(B) the rates charged for [the] services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*In re Mednet*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000); 11 U.S.C. § 330(a)(3).

The party seeking fees has the burden of establishing that it is entitled to such fees. *In re Roderick Timber Co.*, 185 B.R. 601, 606 (B.A.P. 9th Cir. 1995). "[A]ttorneys applying to a court for attorneys' fees should exercise good billing judgment by making 'a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . .'" *In re Thomas*, No. BAP.CC-08-1307-HMOPA, 2009 WL 7751299, at *4 (B.A.P. 9th Cir. July 6, 2009), *aff'd,* 474 F. App'x 500 (9th Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983)). Further, attorneys are not entitled to fees incurred in the course of defending their fee applications. *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2169, 192 L. Ed. 2d 208 (2015).

In this case, Talwar has supplemented the Fee Application with detailed billing statements, which largely reflect that Talwar is seeking compensation for work done on various of the Retained Tasks. Although the Dunlaps and Committee argue that this work did not benefit the estate, Talwar's employment to work on the Retained Tasks was approved by the Court, the underlying outside litigation in which Talwar is involved on behalf of the estate is ongoing, and there is no concrete controverting evidence before the Court that demonstrates that the services Talwar rendered in the context of the Retained Tasks were not reasonably likely to benefit the estate.

That being said, in some instances Talwar billed for services outside the scope of the Retained Tasks, and in other instances impermissibly billed for work done to pursue and/or defend its prior fee applications. Further, Talwar is now seeking fees in an amount greater than those sought in the Application.

Talwar asserts that these previously omitted fees were brought to its attention when it brought its original billing statements into compliance with the U.S. Trustee's guidelines after the December 12 Hearing, which action was taken in defense of its Fee Application. Given that the failure of a professional to maintain contemporaneous time records affects the reliability of those records, *In re Thomas*, 2009 WL 7751299, at *6, and given that work done in defense of a fee application is not compensable, the Court will limit Talwar to its original fee request.

Based upon the foregoing, the Court will reduce Talwar's fees as requested in the Second Supplement by the following amounts:

| Billing Entry[3] | | | Court's Reduction | |
|---|---|---|---|---|
| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
| 6/4/2018 – 7/24/2018 | 3.2 hours ($768.00) | All tasks billed for this period | 3.2 hours ($768.00) | Requested for first time in supplement |
| 7/26/2018 | 0.3 hours ($72.00) | Travel time | 0.3 hours ($72.00) | Requested for first time in supplement |
| 8/2/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: Review email from Clark Vaught . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/2/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: Review email from Channa Vaught . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/3/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: Review emails from Doug Glasson . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/10/2018 | 0.2 hours ($48.00) | Outside Litigation / Bankruptcy: review of email . . . . | 0.2 hours ($48.00) | Outside the scope of the Retained Tasks |
| 8/15/2018 | 0.2 hours ($48.00) | Rodriguez Litigation / Bankruptcy: Review email from John Smith . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 8/15/2018 | 0.2 hours ($48.00) | Rodriguez Litigation / Bankruptcy: email to Doug Glasson . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 8/16/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: emails with Roger Frazier . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |

---

[3] *See* Dkt. 688 at Ex. F.

| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
|---|---|---|---|---|
| 8/16/2018 | 0.1 hours ($24.00) | Rodriguez Criminal Restitution: emails with Channa Vaught . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/17/2018 | 0.2 hours ($24.00) | Rodriguez Litigation / Bankruptcy: review email . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/20/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review of Dunlap 26th supplemental disclosure . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/21/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: emails with Doug Glasson . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/21/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review email from Andrew Petersen . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/21/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review email from Russell Stowers . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/21/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: email to Doug Glasson . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/24/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: several emails . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/27/2018 | 0.2 hours ($48.00) | Application for Fees: Submit updated billings . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 8/27/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review email from Andrew Petersen . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/29/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: Phone call with Channa Vaught . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 8/29/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: several emails . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/30/2018 – 9/9/2018 | 0.5 hours ($120.00) | All tasks billed for this period | 0.5 hours ($120.00) | Requested for first time in supplement |
| 9/11/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review email from Andrew Petersen . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 9/13/2018 | 0.3 hours ($72.00) | Rodriguez Litigation: review letter from Russell Stowers . . . . | 0.3 hours ($72.00) | Requested for first time in supplement |
| 9/13/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: emails . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 9/14/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: review of Dunlap's 27th supplemental disclosure . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 9/18/2018 | 0.4 hours ($96.00) | Bankruptcy: Review bankruptcy docket . . . . | 0.4 hours ($96.00) | Outside the scope of the Retained Tasks and/or tasks done in defense of prior fee application |

| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
|---|---|---|---|---|
| 9/21/2018 | 0.5 hours ($120.00) | Bankruptcy: Compile . . . . | 0.5 hours ($120.00) | Requested for first time in supplement; outside the scope of the Retained Tasks; and/or tasks done in defense of prior fee application |
| 9/24/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: emails . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 9/27/2018 | 0.3 hours ($72.00) | Bankruptcy: Review bankruptcy docket . . . . | 0.3 hours ($72.00) | Outside the scope of the Retained Tasks and/or tasks done in defense of prior fee application |
| 9/28/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review of letter . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/1/2018 | 0.2 hours ($48.00) | Bankruptcy: Review bankruptcy docket . . . . | 0.2 hours ($48.00) | Outside the scope of the Retained Tasks and/or tasks done in defense of prior fee application |
| 10/8/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: Review of emails . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/9/2018 | 0.1 hours ($24.00) | Bankruptcy: email to Kasey Nye . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/15/2018 | 0.4 hours ($96.00) | Bankruptcy: review of objection . . . . | 0.4 hours ($96.00) | Outside the scope of the Retained Tasks and/or done in defense of prior fee application |
| 10/15/2018 | 0.5 hours ($120.00) | Bankruptcy: Draft email . . . . | 0.5 hours ($120.00) | Requested for first time in supplement; outside the scope of the Retained Tasks; and/or done in defense of prior fee application |
| 10/15/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: finalize and send . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 10/15/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: finalize and send . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |

| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
|---|---|---|---|---|
| 10/16/2018 | 0.5 hours ($120.00) | Rodriguez Litigation / Bankruptcy: emails with Andrew Petersen . . . emails also discussed objection to fee application in bankruptcy court . . . . | 0.2 hours ($48.00) | Outside the scope of the Retained Tasks and/or done in defense of prior fee application |
| 10/18/2018 | 2.5 hours ($600.00) | Bankruptcy: Assist Kasey in drafting objection . . . . | 2.5 hours ($600.00) | Outside the scope of the Retained Tasks and/or lack of benefit to the estate |
| 10/18/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review of letter . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/18/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: draft and send email . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 10/18/2018 | 0.3 hours ($72.00) | Rodriguez Litigation: review of response . . . . | 0.3 hours ($72.00) | Requested for first time in supplement |
| 10/19/2018 | 0.8 hours ($192.00) | All tasks billed on this date | 0.8 hours ($192.00) | Requested for first time in supplement |
| 10/22/2018 | 0.1 hours ($24.00) | Bankruptcy: review and calendar . . . . | 0.1 hours ($24.00) | Outside the scope of the Retained Tasks and/or done in defense of prior fee application |
| 10/23/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: email to Russell Stowers . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/25/2018 | 0.1 hours ($24.00) | Secura Claims: email to Willcox police . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/26/2018 | 0.1 hours ($24.00) | Secura Claims: review email . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/30/2018 | 0.1 hours ($24.00) | Rodriguez Restitution: Review emails . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/31/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: reminder email . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 10/31/2018 | 0.1 hours ($24.00) | Rodriguez Litigation and Rodriguez Restitution: emails with Tom Bayham . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 10/31/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: emails with Kasey Nye | 0.1 hours ($24.00) | Requested for first time in supplement |
| 11/2/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review of email . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 11/5/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review ruling . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 11/6/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review Dunlaps' motion . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |

| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
|---|---|---|---|---|
| 11/7/2018 | 4.7 hours ($1,128.00) | Bankruptcy: Attend hearing in bankruptcy court as it related directly to my attorney fee applications and Dunlap matters (1.4 hours); travel time to court house (0.4); . . . . | 1.8 hours ($432.00) | Outside the scope of the Retained Tasks and/or done in defense of prior fee application |
| 11/8/2018 | 0.2 hours ($48.00) | Rodriguez Litigation / Bankruptcy: review of letter . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 11/8/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: email to Russell Stowers . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 11/15/2018 | 0.1 hours ($24.00) | Bankruptcy: review Bankruptcy Court ruling . . . . | 0.1 hours ($24.00) | Requested for first time in supplement; outside the scope of the Retained Tasks; and/or done in defense of prior fee application |
| 11/16/2018 | 0.2 hours ($48.00) | Rodriguez Litigation / bankruptcy: Phone call with Kasey Nye . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 11/20/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: review email from Russell Stowers . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 11/26/2018 | 1.5 hours ($360.00) | Start draft response security measures | 1.5 hours ($360.00) | Outside the scope of Retained Tasks |
| 11/27/2018 | 1.4 hours ($336.00) | Research cases in mtn for security measures; continue drafting response; draft declarations | 1.4 hours ($336.00) | Outside the scope of Retained Tasks |
| 11/29/2018 | 0.3 hours ($72.00) | Rodriguez Litigation: review order . . . . | 0.3 hours ($72.00) | Requested for first time in supplement |
| 11/30/2018 | 0.2 hours ($48.00) | Rodriguez Litigation: review Russell Stowers' request . . . . | 0.2 hours ($48.00) | Requested for first time in supplement |
| 11/30/2018 | 0.7 hours ($168.00) | Continue work on response mtn for security measures | 0.7 hours ($168.00) | Outside the scope of Retained Tasks |
| 12/3/2018 | 0.4 hours ($96.00) | Finalize response mtn security measures, file and send out | 0.4 hours ($96.00) | Outside the scope of Retained Tasks |
| 12/6/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review denial . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 12/7/2018 | 0.1 hours ($24.00) | Rodriguez Litigation: review and respond . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 1/11/2019 | 2.6 hours ($624.00) | Rodriguez Litigation / Bankruptcy: . . . review bankruptcy docket for similar ruling (0.3) . . . . | 0.3 hours ($72.00) | Outside the scope of the Retained Tasks and/or done in defense of prior fee application |

| Date(s) | Time Billed | Task(s) | Reduction | Basis for Reduction |
|---|---|---|---|---|
| 2/11/2019 | 0.9 hours ($216.00) | Rodriguez Litigation: travel . . . . | 0.9 hours ($216.00) | Requested for first time in supplement |
| 3/4/2019 | 0.1 hours ($24.00) | Rodriguez Litigation: review of email . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 5/3/2019 | 0.1 hours ($24.00) | Rodriguez Litigation: emails with John Smith . . . . | 0.1 hours ($24.00) | Requested for first time in supplement |
| 8/23/2019 – 8/26/2019 | 0.3 hours ($72.00) | All tasks billed for this period | 0.3 hours ($72.00) | Requested for first time in supplement |
| 9/11/2019 | 0.3 hours ($72.00) | Krueger Adversary Proceeding: Email to CR Hyde . . . . | 0.3 hours ($72.00) | Requested for first time in supplement |
| 9/15/2019 – 9/19/2019 | 1.2 hours ($288.00) | All tasks billed for this period | 1.2 hours ($288.00) | Requested for first time in supplement |
| 10/17/2019 | 1.0 hours ($240.00) | Bankruptcy: Review order confirming Creditor's plan . . . . | 0.5 hours ($120.00) | Reasonableness |
| | | | **Total Deduction: $6,432.00** | |

The Court also notes that it has confirmed the Committee's plan of liquidation, which plan vests all property of the estate, including litigation claims, in a liquidating plan trustee. (*See* Dkts. 175 at IX & 615). Although the Court's confirmation order is on appeal, the Court cautions Talwar that given the circumstances it will subject any request for fees incurred while the appeal remains pending to an elevated level of scrutiny.

**IV. Conclusion**

Based on the foregoing it is the determination of this Court that the fees sought in the Fee Application, as increased in the Second Supplement, must be reduced by $6,432.00. Fees are therefore awarded, on an interim basis, in the amount of $32,184.00, together with costs in the sum of $434.09. Given that this award is an interim award, the award of such fees may be reconsidered by the Court, and the objections of all parties are preserved pending a determination of fees pursuant to a final fee application to be submitted by Talwar.

Wherefore, upon consideration of the entire record and for good cause shown;

**IT IS HEREBY ORDERED** that the Fee Application, as supplemented, is approved on an interim basis as a Chapter 11 administrative expense in this case, in the reduced amount of $32,184.00 together with costs in the amount of $434.09.

**IT IS FURTHER ORDERED** that the Debtor is authorized to pay the approved amount to Talwar, to the extent that such payment does not prejudice other administrative claims of equal or higher priority.

**DATED AND SIGNED ABOVE.**